## No. 7994.

ALFRED MARCHAND vs. J. O. NOYES ET AL. CITY OF NEW ORLEANS, GARNISHEE.

It was clearly within the power of the lower Court, in the exercise of a sound discretion, to set the judgment aside, before signature, and grant a new trial. And that sound discretion was properly exercised in a case like this, in which interrogatories propounded under garnishment proceedings to a municipal Corporation, were not answered and were taken *pro confessis*, owing to the excusable oversight of its Mayor.

APPEAL from the Fourth District Court for the parish of Orleans. Houston, J.

*W. S. Benedict* and *Jos. P. Hornor* for Plaintiff and Appellant:

A judgment against garnishee, legally entered, cannot be set aside by motion. The garnishee must resort to a direct action.

*Chas. F. Buck*, City Attorney, and *Wynne Rogers* for City of New Orleans, Garnishee and Appellee:

A writ of fi. fa. is the essential basis of a valid garnishment process. 28 An. 319, Ross & Co. vs. Merchants' Insurance Company. *A fortiori*, there must be a prior valid and subsisting judgment from which the writ takes its life. 21 An. 37; 7 Rob. 505; 24 An. 82, Lefebre vs. Landry; 21 An. 7; Collins & Leake vs. Friend, 10 Rob. 136; Ross vs. Whaley, 14 An. 374.

" The garnishee is entitled to proof of the existence of a judgment and fi. fa. as a prerequisite to any judgment against him." Brode vs. Firemen's Ins. Co., 8 R. 244; Featherstone vs. Compton, 3 An. 380.

Where the record brought to this Court discloses only a judgment taken *pro confessis* against a garnishee, without proof of a prior judgment or execution, incidental to which such judgment was entered, and without proof of service of interrogatories, such judgment against a garnishee and an execution under it, will not constitute a sufficient basis for a proceeding against another or second garnishee.

A judgment entered *pro confessis* against a garnishee for failing to answer, is under the control of the court which rendered it, until signed, and the court may, at any time, in the exercise of its sound legal discretion, before signature, reopen same, and permit a garnishee, whose good faith is not impeached, to file answers to the interrogatories—more especially when the garnishee is a municipal corporation which is under the protection of the law, and cannot be permitted to suffer detriment through the unintentional oversight of its officials. Elder vs. Rogers, 11 An. 606; Rose vs. Whaley, 14 An. 374.

Whether the action of the court *a qua*, in the first instance, reopening the case and permitting the garnishee to file answers after the judgment *pro confessis* had been entered, be proper or not, a plaintiff in execution, who traverses the answers filed, and finally appeals only and specially from the judgment dismissing his traverse, after trial on the merits thereof, brings to the court for review nothing but the merits of the traverse. Besides, by such action he must be considered as having waived and abandoned all rights he might have had under the original judgment, taking the interrogatories for confessed.

The plaintiff in traverse, to succeed against the garnishee, must prove an absolute and unconditional indebtedness by the garnishee to the defendant in execution. 29 An. 223; 16 An. 349, etc.

———

The opinion of the Court was delivered by

FENNER, J. Plaintiff, having recovered a final judgment against the Mississippi and Mexican Gulf Ship Canal Co., issued a fi. fa. and served garnishment process, with the usual interrogatories, upon the City of New Orleans. The sheriff's return showing that the petition, citation and interrogatories in garnishment had been served on the city on May 20th, 1879, and no answers having been filed, on motion of plaintiff's counsel, the interrogatories were taken for confessed on May 31st, and judgment was rendered against the city for the full amount of plaintiff's claim.

Thereafter, on June 9th, the judgment not having been signed, the city filed a rule for a new trial, on the ground that the return of the

sheriff was erroneous, that the interrogatories were not served on the Mayor until May 27th, and that the delays had not expired when the judgment was rendered.

On the trial of this rule, the city was not successful in contradicting the return of the sheriff, who swore very circumstantially to the correctness of the return; but it did appear that, through some accident or inadvertence, the matter escaped the attention of the Mayor until May 27th, when he observed the interrogatories on his desk and supposing they had just been received, transferred them to the proper parties for action, as having been served on that day, which accounted for the delay in answering. The judge, however, in the exercise of his discretion, set aside the judgment, granted a new trial, and permitted the city to file her answers *nunc pro tunc.*

It was clearly within the power of the court, in the exercise of a sound discretion, to set aside the judgment, before signature, and grant a new trial. C. P. 547; 10 L. 209; 8 An. 92; 14 An. 374; 11 An. 606; 10 An. 766.

We think, in the present case, its discretion was soundly exercised for the reason assigned by the judge, that a municipal corporation should not be made to suffer for the unintentional neglect of an officer, like the Mayor, overwhelmed with a multiplicity of public duties.

The answers of the city absolutely negative the existence of any indebtedness to the judgment debtor of plaintiff.

A traverse was duly filed, and, after trial judgment was rendered dismissing the same, from which plaintiff took the present appeal. We certainly find in the record no evidence received, or even offered, which could possibly sustain the traverse.

It is not proved that there was any money actually at the credit of the drainage fund.

It was shown that warrants, negotiable in form, had been issued and delivered beyond the amount of all receipts to that fund, and it is not shown that this was against the will of the Ship Canal Co., as might well have been shown by plaintiff, if such were the fact.

It is shown that, by the contract of 1876, the company had absolutely discharged and released the city from all claims and demands of any nature or kind whatever. If there be any fraud in these transactions, creditors of the company may possibly attack them in proper actions, but certainly not by way of seizure under fi. fa.

It is, therefore, ordered that the judgment appealed from be affirmed, at appellant's cost.